IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:19 cr 171 |
| v. | : | |
| | | INDICTMENT |
| NATHAN GODDARD, | : | 21 U.S.C. § 846 |
| (Counts 1 through 8, and 11) | | 18 U.S.C. § 1114 |
| | : | 18 U.S.C. § 1121(a) |
| CAHKE CORTNER, | | 18 U.S.C. §§ 111(a)(1) & (b) |
| (Counts 1, 5, 6, 8, and 9) | : | 21 U.S.C. § 841(a)(1) |
| | | 18 U.S.C. §§ 924(c) & 924(j) |
| LIONEL COMBS III, | : | 18 U.S.C. § 924(c) |
| (Counts 1, 5, 6, 8, and 10) | | 21 U.S.C. § 856 |
| | : | 18 U.S.C. § 922(g) |
| Defendants. | | NOTICE OF SPECIAL FINDINGS |
| | : | FORFEITURE ALLEGATIONS |

THOMAS M. ROSE

THE GRAND JURY CHARGES THAT:

## COUNT 1
### [21 U.S.C. §§ 846 and 841(b)(1)(A) & (b)(1)(D)]

Beginning on an exact date unknown, but at least on or about November 4, 2019, in the Southern District of Ohio, the defendants, NATHAN GODDARD, CAHKE CORTNER, and LIONEL COMBS III, did knowingly and intentionally conspire to possess with intent to distribute and distribute:

   a. 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance;

   b. 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and

   c. marihuana, a Schedule I controlled substance;

1

in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) & (b)(1)(D).

## COUNT 2
**[18 U.S.C. § 1114]**

On or about November 4, 2019, in the Southern District of Ohio, the defendant, NATHAN GODDARD, did, with malice aforethought, by lying in wait, and willfully, deliberately, maliciously, and with premeditation, unlawfully kill Drug Enforcement Administration Task Force Officer and Dayton Police Department Detective Jorge Del Rio, an officer of the United States, while Task Force Officer and Detective Del Rio was engaged in and on account of the performance of his official duties.

In violation of Title 18, United States Code, Sections 1114 and 1111.

## COUNT 3
**[18 U.S.C. § 1121(a)]**

On or about November 4, 2019, in the Southern District of Ohio, the defendant, NATHAN GODDARD, did, with malice aforethought, by lying in wait, and willfully, deliberately, maliciously, and with premeditation, intentionally kill Drug Enforcement Administration Task Force Officer and Dayton Police Department Detective Jorge Del Rio, a local law enforcement officer working with Federal law enforcement officials in furtherance of a Federal criminal investigation, while Task Force Officer and Detective Del Rio was engaged in and because of the performance of his official duties.

In violation of Title 18, United States Code, Sections 1121(a) and 1111.

## COUNT 4
## [18 U.S.C. §§ 111(a) & (b)]

On or about November 4, 2019, in the Southern District of Ohio, the defendant, NATHAN GODDARD, did knowingly forcibly assault, resist, oppose, impede, intimidate, and interfere with Drug Enforcement Administration Task Force Officer and Dayton Police Department Detective Jorge Del Rio, an officer of the United States, while Task Force Officer and Detective Del Rio was engaged in and on account of the performance of his official duties, and such acts involved physical contact with Task Force Officer and Detective Del Rio, inflicted bodily injury, and involved the use of a deadly or dangerous weapon.

In violation of Title 18, United States Code, Sections 111(a)(1) & (b) and 1114.

## COUNT 5
## [21 U.S.C. §§ 841(a)(1) and (b)(1)(A) & (b)(1)(D)]

On or about November 4, 2019, in the Southern District of Ohio, the defendants, NATHAN GODDARD, CAHKE CORTNER, and LIONEL COMBS III, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute:

a. 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance;

b. 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and

c. marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) & (b)(1)(D); Title 18, United States Code, Section 2; *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 6
### [18 U.S.C. §§ 924(c) & 924(j)]

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference.

On or about November 4, 2019, in the Southern District of Ohio, the defendants, NATHAN GODDARD, CAHKE CORTNER, and LIONEL COMBS III, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and distribute a controlled substance, as alleged in Count One of this Indictment, in violation of Title 21, United States Code, Section 846, and in so doing, caused the death of Jorge Del Rio through the use of the firearm, and the killing was a murder.

In violation of Title 18, United States Code, Sections 924(c), 924(j) and 1111; *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 7
### [18 U.S.C. §§ 924(c) & 924(j)]

The allegations contained in Count Four of this Indictment are hereby re-alleged and incorporated by reference.

On or about November 4, 2019, in the Southern District of Ohio, the defendant, NATHAN GODDARD, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, assaulting a federal officer, as alleged in Count Four of this Indictment, in violation of Title 18, United States Code, Sections 111(a)(1) and (b) and 1114, and in so doing, caused the death of Jorge Del Rio through the use of the firearm, and the killing was a murder.

In violation of Title 18, United States Code, Sections 924(c), 924(j) and 1111.

## COUNT 8
## [18 U.S.C. §§ 924(c) & 924(j)]

The allegations contained in Count Five of this Indictment are hereby re-alleged and incorporated by reference.

On or about November 4, 2019, in the Southern District of Ohio, the defendants, NATHAN GODDARD, CAHKE CORTNER, and LIONEL COMBS III, did knowingly use, carry, brandish, and discharge a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, as alleged in Count Five of this Indictment, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) & (b)(1)(D); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946), and in so doing, caused the death of Jorge Del Rio through the use of the firearm, and the killing was a murder.

In violation of Title 18, United States Code, Sections 924(c), 924(j), and 1111; *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 9
## [18 U.S.C. § 924(c)]

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference.

On or about November 4, 2019, in the Southern District of Ohio, the defendant, CAHKE CORTNER, did knowingly carry a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and distribute a controlled substance, as alleged in Count One of this Indictment, in violation of Title 21, United States Code, Section 846.

In violation of Title 18, United States Code, Section 924(c).

## COUNT 10
## [21 U.S.C. § 856]

Beginning on an exact date unknown, but at least on or about November 4, 2019, in the Southern District of Ohio, the defendant, LIONEL COMBS III, did unlawfully and knowingly use and maintain a place located at 1454 Ruskin Road, Dayton, Ohio, for the purpose of distributing and using N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; cocaine, a Schedule II controlled substance; and marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT 11
## [18 U.S.C. § 922(g)]

On or about November 4, 2019, in the Southern District of Ohio, the defendant, NATHAN GODDARD, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, specifically, on or about September 17, 2004, in the United States District Court for the Southern District of Ohio, Case Number 3:04CR031, of "Conspiracy to Possess with Intent to Distribute in Excess of 5 Kilograms of Cocaine, and 100 Kilograms of Marijuana," did knowingly possess a firearm in and affecting commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

# NOTICE OF SPECIAL FINDINGS AS TO NATHAN GODDARD

THE GRAND JURY FURTHER FINDS AS TO COUNTS TWO, THREE, SIX, SEVEN, AND EIGHT:

Pursuant to the provisions of Title 18, United States Code, Sections 3591 through 3592, the following factors exist regarding the defendant, NATHAN GODDARD's, commission of the offenses charged in Counts Two, Three, Six, Seven, and Eight, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, NATHAN GODDARD, was 18 years of age or more at the time of the offense (18 U.S.C. § 3591(a)).

2. The defendant, NATHAN GODDARD:

   a. intentionally killed Jorge Del Rio (18 U.S.C. § 3591(a)(2)(A)); or

   b. intentionally inflicted serious bodily injury that resulted in the death of Jorge Del Rio (18 U.S.C. § 3591(a)(2)(B)); or

   c. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Jorge Del Rio died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); or

   d. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Jorge Del Rio died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

3. The defendant, NATHAN GODDARD:

   a. in the commission of the offense, knowingly created a grave risk of death to 1 or more persons in addition to Jorge Del Rio (18 U.S.C. § 3592(c)(5)); or

   b. has previously been convicted of 2 or more State or Federal offenses punishable by a term of imprisonment of more than one year, committed on different occasions, involving the distribution of a controlled substance (18 U.S.C. § 3592(c)(10)); or

   c. had previously been convicted of violating title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of 5 or more years may be imposed (18 U.S.C. § 3592(c)(12)); or

   d. committed the offense against Jorge Del Rio, a Federal public servant who is a law enforcement officer, that is, a public servant authorized by law or by a Government agency or Congress to conduct or engage in the prevention, investigation, or prosecution or adjudication of an offense, while Jorge Del Rio was engaged in and because of the performance of his official duties (18 U.S.C. § 3592(c)(14)(D)).

## FORFEITURE ALLEGATION 1

Upon conviction of one or more of the offenses set forth in Counts One, Five, and/or Ten of this Indictment, the defendants, NATHAN GODDARD, CAHKE CORTNER, and LIONEL COMBS III, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation(s), including but not limited to:

- Approximately $50,000.00 in United States Currency;
- Two FN5-7, 5.7 caliber pistols, with extended magazines, loaded with ammunition, and equipped with laser sights; and
- AR-style firearm.

## FORFEITURE ALLEGATION 2

Upon conviction of any offense set forth this Indictment, the defendants, NATHAN GODDARD, CAHKE CORTNER, and LIONEL COMBS III, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s), including but not limited to:

- Two FN5-7, 5.7 caliber pistols, with extended magazines, loaded with ammunition, and equipped with laser sights; and
- AR-style firearm.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

/s/ Signed
FOREPERSON

DAVID M. DEVILLERS
United States Attorney

DOMINICK S. GERACE
Assistant United States Attorney
BRENT G. TABACCHI
Assistant United States Attorney
VIPAL J. PATEL
First Assistant United States Attorney