UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                                        Case No. 3:19-cr-171

vs.

NATHAN GODDARD, *et al.*,                   District Judge Michael J. Newman

    Defendants.

---

**ORDER: (1) GRANTING THE PARTIES' JOINT MOTION TO CONTINUE; (2) EXCLUDING THE TIME FROM JANUARY 27, 2023 UNTIL JULY 3, 2023 FROM THE SPEEDY TRIAL ACT CALCULATION; (3) FINDING THAT THE NEW SPEEDY TRIAL ACT DEADLINE IS AUGUST 15, 2023; (4) SETTING A MOTION *IN LIMINE* DEADLINE OF MAY 26, 2023; (5) SETTING A FINAL PRETRIAL CONFERENCE FOR JUNE 26, 2023 AT 10:00 A.M.; AND (6) SETTING TRIAL TO BEGIN ON AUGUST 7, 2023 AT 9:30 A.M.**

---

       This criminal case comes before the Court after a status conference held on January 27, 2023 to discuss the trial date in the pending case. Counsel for both sides were present at the conference. Counsel for both sides advised the Court that the current Speedy Trial Act deadline, by which the Government must bring Defendants to trial, is March 11, 2023—forty-three days from the date of the conference. After so advising the Court, the parties jointly moved for an extension under the Speedy Trial Act in the present case to exclude time under the Act until July 3, 2023. The parties indicated that they required three uninterrupted weeks to try this matter, as well as additional time to explore all possibilities of resolving this case. Given the complexity of the issues implicated in this case, the parties jointly agreed that excluding this time was necessary.

       The Court agrees that a continuance is warranted, based on the representations from counsel and the nature of the proceedings in this case. It remains significant that the judge

previously assigned to this matter granted the parties' joint motion and stipulation to find that the instant case was a complex case—due to the significant amount of discovery, the charges against each Defendant, and the possibility that Defendants could face lifetime imprisonment if convicted—under 18 U.S.C. § 3161(h)(7)(B)(ii). *See* Doc. No. 21 at PageID 179; Doc. No. 26. This complex case designation further counsels this Court to grant the parties' joint motion, considering both sides agree that they require three uninterrupted weeks to try the case and have agreed with that prior designation, while indicating that this case involves several issues, an extensive jury selection period, multiple defendants, and numerous witnesses. *See, e.g.*, *United States v. Richardson*, 681 F.3d 736, 740 (6th Cir. 2012) ("[C]ounsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance") (quoting *United States v. Stone*, 461 F. App'x 461, 464–65 (6th Cir. 2012)); *cf. United States v. Loud Hawk*, 474 U.S. 302, 316–17 (1986) ("Having sought the aid of the judicial process and realizing the deliberateness that a court employs in reaching a decision, the defendants are not now able to criticize the very process which they so frequently called upon"). Moreover, as the parties suggested to the Court, they believe that this additional time will allow them to fully prepare for trial and exhaust all means of resolving this complicated case.

    Thus, the Court finds that, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), after considering the factors set forth therein, the ends of justice are served by granting the requested continuance and that such continuance outweighs the best interest of the public and Defendants in a speedy trial. Failure to grant the requested continuance would deny both the Government and Defendants the time necessary for effective preparation (such as having witnesses available to testify at trial), and the ability to explore all available means of resolving this case. *See* 18 U.S.C. § 3161(h)(7). The Court hereby **GRANTS** the joint motion to continue. The time from January 27, 2023 through

July 3, 2023 is **EXCLUDED** in computing the time period set forth in 18 U.S.C. § 3161 within which the United States must bring Defendant to trial. Accounting for the time excluded from the Speedy Trial Act calculation, the Court **FINDS** that the new Speedy Trial Act deadline in the instant case is **August 15, 2023**.

Given the parties' request—and their and this Court's understanding that forty-two days will remain by which the Government must bring Defendants to trial after granting the parties' joint motion—the Court **SETS** trial to begin on **August 7, 2023 at 9:30 a.m.** The Court, therefore, sets the following schedule:

| 1. | Motion *in Limine* Deadline | **May 26, 2023** |
|---|---|---|
| 2. | Final Pretrial Conference | **June 26, 2023 at 10:00 a.m. by Teleconference** |
| 3. | Trial Date | **August 7, 2023 at 9:30 a.m.** |

**IT IS SO ORDERED.**

January 28, 2023                              s/Michael J. Newman
                                              Hon. Michael J. Newman
                                              United States District Judge