UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NATHAN GODDARD, *et al*.,

    Defendants.

Case No. 3:19-cr-171

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING COUNSELS' MOTIONS TO CONTINUE THE SENTENCING HEARING (Doc. Nos. 248, 249); (2) VACATING THE SENTENCING HEARING PREVIOUSLY SCHEDULED FOR 9:00 A.M. ON FRIDAY, JUNE 28, 2024; (3) REQUIRING DEFENDANT CORTNER'S COUNSEL TO FILE A NOTICE, BY JUNE 14, 2024, STATING HOW MUCH ADDITIONAL TIME HE NEEDS TO SUBMIT OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT; (4) PERMITTING THE PROBATION OFFICER TO DELAY FILING DEFENDANT CORTNER'S FINAL PRESENTENCE INVESTIGATION REPORT; AND (5) REQUIRING COUNSEL FOR EACH PARTY TO FILE A NOTICE, BY JUNE 21, 2024, STATING HOW MUCH TIME EACH WILL NEED TO PRESENT ANTICIPATED TESTIMONY AND ALLOCUTION DURING THE SENTENCING HEARINGS**

---

    Based on the motions to continue the sentencing hearing filed by Defendant Goddard's counsel and Defendant Cortner's counsel (Doc. Nos. 248, 249), the Court will **VACATE** the sentencing hearing previously scheduled for 9:00 a.m. on Friday, June 28, 2024.  The Court did not intend to move the sentencing hearing, but counsels' motions establish good cause to do so.

    Defendant Cortner's counsel seeks additional time "in order to properly object" to the initial presentence investigation report.  Doc. No. 249 at PageID 1512.  Yet, he does not indicate how much additional time he needs.  *See id*.

    Pursuant to S.D. Ohio Crim. R. 32.1(c), the parties have 21 days after the disclosure of the initial presentence report to communicate to the Probation Officer any objections they have to the content in or omitted from the report.  In the instant case, the Probation Officer filed an initial presentence report concerning each Defendant on April 29, 2024, thus requiring each Defendant

to communicate to the Probation Officer his objections by May 20, 2024. *See* S.D. Ohio Crim. R. 32.1(c); Doc. Nos. 245, 246, 247.

At this point in the case, the Court plays no role in resolving any objections to the initial presentence report. *See* S.D. Ohio Crim. R. 32.1(c). In fact, objections to the initial presentence report are not provided to the Court. *See id*. If a party submits objections to the initial presentence report, the Probation Officer conducts any necessary investigation and revises the report "as he or she deems appropriate." S.D. Ohio Crim. R. 32.1(d). When unresolved objections exist, the objecting party memorializes them in writing and the Probation Officer must respond to all unresolved objections. *Id*.

Once all this (and sometimes more, *see id*.) occurs,[1] the Probation Officer files under seal the final presentence investigation report ("PSR") "not later than 42 days after the disclosure of the initial report." S.D. Ohio Crim. R. 32.1(e). The PSR sets forth any unresolved objections. *Id*. After the PSR is filed, the Court may schedule conferences to address remaining objections. S.D. Ohio Crim. 32.1(h). Given the potential impact objections can have on a defendant's sentence, the Court sometimes needs to schedule a separate in-court hearing to resolve the objections prior to a sentencing hearing and sometimes needs to reschedule a defendant's sentencing hearing. In other cases, depending on the substance of the objections to the PSR, the objections can be resolved without the need for a separate hearing or a continuance of the sentencing hearing.

In the instant case, the PSR for each Defendant is due by June 10, 2024. Doc. Nos. 242, 243, 244. Because the sentencing hearing on June 28, 2024 is vacated per this Order—upon two Defendants' requests—and because Defendant Cortner's counsel needs additional time to prepare and communicate to the Probation Officer any objections he might have to the initial presentence

---

[1] For example, an objecting party may seek a conference with the Probation Officer within 31 days of the disclosure of the initial report. S.D. Ohio Crim. R. 32.1(d).

2

report, the Probation Officer does not need to file the PSR by June 14, 2024 and may wait until the Court sets a future deadline.

Defendant Cortner's counsel shall **FILE** a **NOTICE by June 14, 2024** stating how much additional time he will need to submit objections to Defendant Cortner's PSR. The Court will thereafter issue an Order clarifying when Defendant Cortner's PSR is due.

Once the PSR for each Defendant is submitted, the Court will schedule a hearing, if one is needed to resolve any objections to the PSR, and the sentencing hearing. To assist the Court in determining how much time will be needed for the sentencing hearing, counsel for each party shall **FILE** a **NOTICE by June 21, 2024** stating the amount of time each will need to present anticipated testimony (including victim-impact statements) and allocution during the sentencing hearing. It is the Court's present intention to complete the sentencing hearing for all Defendants in a single day unless further information from counsel demonstrates a need for more time to complete the hearing.

 **IT IS SO ORDERED.**

June 3, 2024             s/*Michael J. Newman*
                   Hon. Michael J. Newman
                   United States District Judge