UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

 Plaintiff,        Case No. 3:19-cr-171-1

vs.

NATHAN GODDARD,     District Judge Michael J. Newman

 Defendant.

---

**ORDER OVERRULING DEFENDANT NATHAN GODDARD'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

---

 Previously in this felony criminal case, the jury found Defendant Nathan Goddard ("Defendant") guilty of seven offenses including, in part, murder of a Drug Enforcement Agency Task Force Officer and conspiracy to possess with intent to distribute, and distribute, fentanyl.  After trial, the United States Probation Office ("Probation") conducted an investigation and issued a final presentence investigation report ("PSR").  Defendant raises two objections to the PSR to which the Government and Probation have responded.  Doc. No. 252 at PageID 1599-1603.  Probation has also filed a Supplemental Addendum to the PSR clarifying Defendant's objections to the PSR.  Doc. No. 255 at PageID 1609-10.  The Government stands on its objections and clarifications provided in the Supplemental Addendum.  *Id.* at 1611.

**I.**

 Defendant first generally "objects to the factual portions of the Presentence Report as unsupported by the evidence adduced at trial, as well as the omission of facts presented by the defendant in his case-in-chief at trial."  Doc. No. 252 at PageID 1599.  He then objects, "to any reference to facts contained in the [PSR] suggesting that [Defendant] was lying in wait, that he

killed Task Force Officer DelRio deliberately, willfully, maliciously and with premeditation." *Id*. (citing PSR at ¶s 34, 60). He also challenges "any reference to facts suggesting that he knew it was the police who entered the residence at 1454 Ruskin Road (the "Ruskin" property). *Id*. (citing PSR at ¶ 36). He further objects to facts in the PSR "as they pertain to the Walton Drug Trafficking Organization, as they were not found beyond a reasonable doubt by the jury in contravention of … *Apprendi*, *Ring*, and *Booker*."[1]  *Id*.

Defendant's second objection focuses on the PSR's 6-level enhancement under United States Sentencing Guidelines § 3A1.2 in paragraphs 59 and 60 of the PSR and Probation's reliance on the fact that Defendant knew the victim was a law enforcement officer. *Id*. at 1602.

The Supplemental Addendum documents Defendant's additional objections. Doc. No. 255 at PageID 1609. Specifically, Defendant contends that the evidence at trial was insufficient to show the facts described in paragraphs 34, 36, 42, 60, and 160 of the PSR. *Id*. Defendant also contends that other facts in the PSR were not proven beyond a reasonable doubt to the jury and, consequently, cannot support any sentencing enhancement under the *Booker*/*Apprendi* line of cases. *Id*. at 1611.

**II**.

This Court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B). "As a threshold matter, the defendant must actively raise the dispute during

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Ring v. Arizona,* 536 U.S. 584 (2002); *United States v. Booker,* 543 U.S. 220 (2005).

2

the sentencing hearing before the district court's duty to find facts arises." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007). Once a defendant meets this threshold, "the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *Id*. (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)). Literal compliance with this Rule is required "'for a variety of reasons, such as enhancing the accuracy of the sentence and the clarity of the record.'" *Id*. (quoting *United States v. Treadway,* 328 F.3d 878, 886 (6th Cir. 2003)).

"Generally, factual findings relevant to sentencing must be supported only by a preponderance of the evidence." *United States v. Hurst*, 228 F.3d 751, 761 (6th Cir. 2000) (citing *United States v. Zajac,* 62 F.3d 145, 148 (6th Cir. 1995)); *see United States v. McReynolds*, 964 F.3d 555, 565 (6th Cir. 2020) ("all facts used against a defendant at sentencing must be supported by a preponderance of the evidence[.]"); *see also United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) ("judicial fact-finding for sentencing purposes must continue as it was conducted prior to *Booker,* under a preponderance of the evidence standard." (citing *United States v. Coffee,* 434 F.3d 887, 897-98 (6th Cir. 2006))).

### III.

To the extent Defendant raises an isolated and generalized objection to the findings of fact in the PSR (Doc. No. 252 at PageID 1599), he has not identified a "disputed portion of the presentence report or other controverted matter…," Fed. R. Crim. P. 32(i)(3)(B), that the Court must resolve. *See Hurst*, 228 F.3d at 760 ("[W]here defendant did not even assert that the objected-to recommendations [in the PSR] were based on false or unreliable information, and did not expressly call them to the court's attention during the sentencing hearing, it can hardly be said that these matters were sufficiently "controverted" to trigger the sentencing court's fact-finding duty

3

under Rule 32(c)(1) [presently, Rule 32(i)(3)(B)]"); *see also United States v. McGee*, 529 F.3d 691, 700 (6th Cir. 2008) ("the facts must be sufficiently 'controverted' to trigger the sentencing court's fact-finding duty ...").

Defendant's more specific objections begin with the facts in paragraphs 34 and 60 of the PSR suggesting he was lying in wait; killed Task Force Officer DelRio deliberately, willfully, maliciously, and with premeditation; and knew it was the police who entered the residence where he killed Task Officer DelRio. Doc. No. 252 at PageID 1599. Defendant, at best, simply denies the truth of the facts described in paragraphs 34 and 60 without producing some evidence to place these matters in doubt. *See id*. Defendant took the same bare-denial approach to challenging, in the second addendum to the PSR, the facts advanced in paragraph 34 by merely reiterating its statement, "but it was believed [Task Force Officer DelRio's] shot was fired as an involuntary response to him being shot in the head." Doc. No. 255 at PageID 1609 (quoting Doc. No. 252 at PageID 1563, ¶ 34). Additionally, Defendant's additional objections fail to go beyond mere denials of the facts stated in the PSR paragraphs 36, 42, 60, 160. *Id*.

> A defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth. Instead, beyond such a bare denial, he must produce some evidence that calls the reliability or correctness of the alleged facts into question. If a defendant meets this burden of production, the government must then convince the court that the PSR's facts are actually true. But the defendant gets no free ride: he must produce more than a bare denial, or the judge may rely entirely on the PSR.

*United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003) (quoting *United States v. Mustread,* 42 F.3d 1097, 1102 (7th Cir. 1994)) (cleaned up); *cf. United States v. Roberts*, 919 F.3d 980, 989 (6th Cir. 2019) ("Roberts never challenged the factual foundation of the mass-marketing enhancement, and therefore never triggered Rule 32's affirmative ruling requirement."); *United States v. Hunter*, 558 F.3d 495, 506 (6th Cir. 2009) ("Because [the defendant] has not offered evidence to contradict either the testimony at trial or the estimate [related to drug quantities] [in] the presentence report,

4

the district court was entitled to rely on those estimates in making its ruling")).

Assuming, *arguendo*, Defendant's objections to paragraphs 34 and 60 triggered the Court's fact-finding duty, the Government correctly contends that the jury's verdict resolved the challenged facts by concluding beyond a reasonable doubt that Defendant was guilty of the murder of Task Force Officer DelRio. To reach this verdict, the jury necessarily had to credit the Government's trial evidence as the basis for its conclusion that Defendant either laid in wait or otherwise acted with premeditation in murdering Task Force Officer DelRio. The jury's verdict likewise supports the PSR's findings of fact in paragraphs 36, 42, 60, and 160. Despite Defendant's invitation to do so, this Court cannot disturb those essential factual findings by the jury. *See United States v. Cockett*, 330 F.3d 706, 711 (6th Cir. 2003) ("[W]hen sentencing a defendant under the guidelines, [a court] cannot rely on a finding that directly conflicts with the jury's verdict").

Also, credible trial testimony by Detective David House, and the recording of Defendant's post-*Miranda* interview with law enforcement officers (Government's Joint Exhibit 2) confirm that during Defendant's post-*Miranda* interview, he admitted to law enforcement that he knew it was the "police" entering the Ruskin residence. *Cf. United States v. Montgomery*, 592 Fed. App'x 411, 418 (6th Cir. 2014) (concluding that a district court may calculate the Guidelines based not only on the contents of the PSR but also upon facts it expressly recalled from trial testimony). Detective House testified that during his post-*Miranda* interview, Defendant attempted to walk back his admission that he knew the police were entering the Ruskin residence. Trial day 8, transcript pp. 37-38. Yet, Defendant's admission was credible in light of trial testimony by other law enforcement officers (for example, DEA Special Agent Ryan Fergot) that, before officers entered the Ruskin residence, Task Force Officer DelRio pounded on the door in a loud and

5

vigorous manner and yelled, "D.E.A. Police search warrant" multiple times. Day 7 trial transcript, p. 9. Upon entering the Ruskin residence, multiple officers continued announcing they were "DEA Police" executing a search warrant. *Id*. at p. 11. Such testimony, without considering Defendant's admission, suffices to establish Defendant knew that Officer DelRio was a law enforcement officer when he shot him. Further, Defendant's admission—that he knew "police" were entering the Ruskin residence—aligns with the jury's conclusion that Defendant is guilty of the murder of Task Force Officer DelRio. To reject Defendant's admission would be improper as it would directly conflict with the jury's verdict. *See Cockett*, 330 F.3d at 711 ("[W]hen sentencing a defendant under the guidelines, [a court] cannot rely on a finding that directly conflicts with the jury's verdict"). Task Force Officer DelRio, himself, was clearly marked as a police officer, wearing not only a ballistic vest identifying him as "police" but also a hat with the words "DEA Dayton." Such evidence, along with the jury's determination that Defendant is guilty of murdering Task Force Officer DelRio, support the PSR's indication that Defendant knew Task Force Officer DelRio was a member of law enforcement.[2]

Lastly, Defendant objects to any facts in the PSR concerning his involvement in the drug trafficking organization operated by Defendants Roger Walton and Shawn Walton in a related case.[3] Doc. No. 252 at PageID 1599; Doc. No. 255 at PageID 1609-11, ¶s 27, 28, 30, 31, 160. Such facts, in Defendant's view, violate *Booker's* rule that "Any fact (other than a prior conviction)

---

[2] This challenge to the PSR arises under the Guidelines § 3A1.2(a), *see* Doc. No. 252 at PageID 1600-02, which calls for a 6-level increase in the offense level: "if, in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable, **knowing or having reasonable cause to believe** that a person was a law enforcement officer, assaulted such officer during the course of the offense." *Id.* (emphasis added). At a minimum, the evidence establishes that Defendant knew or had reasonable cause to believe Task Force Officer DelRio was a law enforcement officer. Consequently, the PSR properly applies a 6-level increase to Defendant's offense level.
[3] The related case in this Court that Defendant refers to is *United States v. Roger Earl Walton, et al.*, No. 3:20-cr-82 (S.D. Ohio Aug. 11, 2020) (case terminated Feb. 15, 2024).

6

which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Doc. No. 252 at PageID 1599 (quoting *United States v. Booker*, 543 U.S. 220, 244 (2005)). Regardless of whether or not Defendant was involved in the Walton Drug Trafficking Organization, the Court will not rely on the PSR's references to Defendant's involvement in the Walton Drug Trafficking Organization when determining Defendant's sentence.

## IV.

For the above reasons, Defendant's objections to the PSR are **OVERRULED**.

**IT IS SO ORDERED**.

 September 15, 2024                             s/*Michael J. Newman*
                                                                       Hon. Michael J. Newman
                                                                        United States District Judge